**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Criminal No. 1:24-cr-0009** |
| | ) | |
| **DAVID QUILLEN** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

**I.       INTRODUCTION**

David Quillen comes before this Honorable Court for sentencing following his plea of guilty on February 22, 2024, to one count of Conspiracy to Obstruct Justice in violation of 18 U.S.C. § 371. Mr. Quillen has been cooperative and helpful to the Government's investigations, showing his remorse and acceptance of guilt for his role in the crime for which he has been convicted.

As the Presentence Investigation Report ("PSR") states, Mr. Quillen has accepted full responsibility for his actions.  PSR at 5, 6.  He knew what he was doing was contrary to the law in the United States and admitted his role in the crime for which he has been convicted. That said, Mr. Quillen has been a model defendant from the moment of his arrest and has cooperated with the Government's investigation.

Mr. Quillen is a family man with a promising future. He is currently employed full-time and clearly has the potential to remain a positive and productive member of the community.

1

Accordingly, Mr. Quillen humbly asks this Court for mercy and compassion. Through undersigned counsel, he respectfully submits this Memorandum in support of a sentence consisting of imprisonment of six months and completion of the rest by supervised release with a condition. See U.S.S.G. Sentencing Table.. Such a sentence is "sufficient, but not greater than necessary," to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2).

## II.   THE LEGAL FRAMEWORK OF AN ADVISORY GUIDELINE RANGE

While this Court must still correctly calculate the guideline range, *Gall v. United States*, 552 U.S. 38, 39 (2007), it may not treat that range as mandatory or presumptive, *Id.* at 51; *Nelson v. United States*, 555 U.S. 350, 352 (2009), but as "one factor" among several" to be considered in imposing an appropriate sentence under § 3553(a). *Kimbrough v. United States*, 552 U.S. 85, 90 (2007). The Court must "consider all of the § 3553(a) factors . . . make an individualized assessment based on the facts presented," *Gall* at 49-50, and explain how the facts relate to the purpose of sentencing. *Id.* at 53-60; *see also Pepper v. United States*, 131 S. Ct. 1229 (2011). The Court's "overarching" duty is to "'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing." *Id.* at 1242-43.

In order to ensure that the guidelines are truly advisory and constitutional, this Court has the authority to disagree with a guideline as a matter of policy. Because "the Guidelines are now advisory…, as a general matter, courts may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines." *Kimbrough*, 552 U.S. at 101-02 (internal punctuation omitted) (*citing Rita v. United States*, 551 U.S. 338, 351 (2007) (district courts may find that the "Guidelines sentence itself fails properly to reflect § 3553(a) considerations").

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996).  Permitting sentencing courts to consider the widest possible breadth of information about a defendant "ensures that the punishment will suit not merely the offense but the individual defendant." *Pepper*, 131 S. Ct. 1229, 1240 (2011) (citing *Wasman v. United States*, 468 U.S. 559, 564 (1984)).

In this regard, "the district court's job is not [even] to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." *United States v. Forman*, 436 F.3d 638, 644, n.1 (6th. Cir. 2006).  Accordingly, "if a district court were explicitly to conclude that two sentences equally served the statutory purpose of § 3553, it could not, consistent with the parsimony clause, impose the higher." *United States v. Ministro-Tapia*, 470 F.3d 137 (2nd Cir. 2006).

## III.    THE TOTAL OFFENSE LEVEL IS 13

Pursuant to the plea agreement filed with this Court on February 22, 2024, the parties have agreed that the following guidelines should apply:

U.S.S.G. § 2X1.1and 2J1.2 Base Offense Level.............................................................+14

U.S.S.G. § 2J1.2(b)(3)(B) Involved the selection of any essential or especially probative record, document, or tangible object, to destroy or alter ................................................+2

U.S.S.G. § 2B1.1(b)(10) Obstruction of Justice ............................................................+2

U.S.S.G. § 2B1.1(b)(10) Adjustment for Certain Zero-Point Offenders.........................-2

U.S.S.G. § 3E1.1 (a) – Acceptance of Responsibility .....................................................-2

U.S.S.G. § 3E1.1 (b) – Acceptance of Responsibility (Guilty Plea) ..............................-1

**Total Offense Level**..................................................................................................13

## IV.   CRIMINAL HISTORY

The PSR confirms that Mr. Quillen has no criminal history.  PSR at 6.  Accordingly, his criminal history score is 0, which establishes a criminal history Category of I. *Id*.

## V.   APPLICABLE GUIDELINE RANGE

The applicable guideline sentencing range for an offense level 13 in criminal history Category I is 12 to 18 months. *See* U.S.S.G. Sentencing Table, *See also* PSR at 11. Significant in this instance, the applicable guideline range can be satisfied by either a sentence of imprisonment or by imprisonment of one half of the minimum term and completion of the rest by supervised release with a condition. See U.S.S.G. Sentencing Table. The maximum term for supervised release is three (3) years, with a guideline range of one (1) to three (3) years. *Id*.

### A.   The Nature and Circumstances of the Offense

Between 2015 and 2023, Mr. Quillen was employed as a correctional officer at the Eastern Correctional Institution ("ECI") in Westover, Maryland. PSR at 3. Mr. Quillen and other ECI correctional officers entered into a conspiracy to obstruct justice, to cover up evidence of another correctional officer assaulting an inmate. *Id*. On July 12, 2021, Mr. Quillen was informed that an inmate had been the subject of use of force and proceeded to approach the scene with a video camera. *Id at 4*. Upon arriving at the scene, Mr. Quillen began filming and video evidence was captured of the inmate being attended by a nurse, the inmate stating that he had been assaulted without cause by a correctional officer by the name of Samuel Warren.

Subsequently, the inmate was given medical treatment and escorted for a monitored strip search which resulted in no contraband found, these events all caught on camera. *Id*.

Upon conclusion of the strip search, Mr. Quillen concluded filming and returned to the unit's control center, where the video was played in front of several correctional officers, including Samuel Warren. *Id*. While watching the video, a sergeant present suggested that the video was not good for Samuel Warren and should be deleted, to which several correctional officers, including Samuel Warren, agreed. *Id*. Mr. Quillen agreed to delete the video, which he in fact proceeded to do. *Id*. Additionally, Mr. Quillen submitted a false report in which he stated he attempted to retrieve the video but found it was missing. *Id.*

### B.    History and Characteristics of the Defendant

### 1.    Personal Background

Mr. Quillen is now forty (40) years of age and was born to the marital union of his parents in Salisbury, Maryland, who subsequently divorced. PSR at 7. Mr. Quillen had a good childhood, but not one without hardships, reporting that his family often went without heat during wintertime and had to sleep in sleeping bags. *Id*. Mr. Quillen's mother remarried, and he maintained a very close relationship with his stepfather until his death, an event which he attributes to be a pivotal moment that changed the course of his life. *Id*.

Mr. Quillen has been married since August 23, 2018 to Noelle Quillen, and while he has no biological children, he maintains a close relationship with his wife's four children. *Id*. Mr. Quillen resides since 2016 with his wife and two of his stepchildren in Ocean View, Delaware. *Id* at 8.

Mr. Quillen dropped out of high school in 2004 while attending the 12th grade and subsequently obtained his GED from Wicomico County in 2009. *Id*. at 9. Mr. Quillen has maintained employment steadily since 2008, working in hazard monitoring with Delmarva Ag Services, in property maintenance with Harbor Properties, as a steamer with Crag Bag in Ocean City, as an electrician helper with A&A Electric, and ultimately as a correctional officer with the Eastern Correctional Institute in Westover, Maryland. *Id*. at 9, 10. As a result of the investigation/participation in this matter, Mr. Quillen was placed on unpaid suspension due to the charge brought against him. *Id*. at 9. Mr. Quillen maintains a current, full-time employment, with the Crab Bag in Ocean City, Maryland, with responsibilities as a chef/steamer in the kitchen, as well as quality care and ordering for the establishment. In addition to his full-time employment, Mr. Quillen maintains a part-time employment with Tide Pool Toys, as a delivery driver, in order to supplement his losses in income. Mr. Quillen has been a model defendant, accepting responsibility and assisting in further investigation by the Government.

C.      **Statutory Objectives for Sentencing**

Mr. Quillen's conduct is serious, and he acknowledges that notwithstanding the proper context and specific nature of his offense described above.  He has taken full responsibility and promptly pleaded guilty to the Information.  Further, Mr. Quillen continued in his agreement with the government for the last twenty-five (25) months since entering a plea and significantly longer since first meeting with the government and current counsel; meeting with the government multiple times and then testifying before the court, in trial. For the reasons set out above, a probationary sentence adequately reflects the seriousness of the offense in the context of the applicable law and taking into consideration the amount of foreseeable loss, and Mr.

Quillen's role in the conspiracy.

With respect to deterrence, Mr. Quillen has no criminal history and is striving to better himself, intending to maintain full-time employment and living with his wife and stepchildren. This case has had a lasting effect on him, one that will linger for years.

The public requires no further protection from Mr. Quillen. His risk of reoffending is virtually non-existent as he will likely never hold a position within a correctional facility again. Mr. Quillen's conduct shows no sign of violence or a desire to commit violence. Upon his release from his sentence, Mr. Quillen hopes to continue living with his wife and stepchildren, working, and building a better future for himself.

## VI.    Forfeiture and Fines

Restitution is not applicable in Mr. Quillen's case. *Id*. at 12.

## VII.    Conclusion

Given the reasons set forth above, in particular Mr. Quillen's cooperation, acceptance of responsibility, and living situation, the requested sentence is appropriate in this case. As such, Mr. Quillen by and through undersigned counsel, respectfully requests that the Court impose a sentence of imprisonment of six months and completion of the rest by supervised release with a condition.

Respectfully submitted,

_____/s/_____
Seth R. Okin, Esq. (#18963)
***Counsel for David Quillen***
The Law Office of Seth R. Okin, PC
and Price Benowitz LLP
1404 Front Avenue
(410) 952-2332 (direct)
(301) 455-9513 (office)
(443) 740-9295 (fax)
***sokin@pricebenowitz.com***

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 13th day of April, 2026, I caused a true and correct copy of the foregoing Defendant's Memorandum in Aid of Sentencing to be delivered via CM/ECF to Assistant United States Attorney Sarah Marquardt, United States' Attorney's Office for the District of Maryland, 36 S. Charles Street 4th Fl., Baltimore, MD 21201.

_____/s/_____
Seth R. Okin, Esq. (#18963)